FILED
2012 JUN 20 PM 2:59
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONDAUR CAPITAL CORPORATION,<br><br>  Plaintiff,<br><br>vs.<br><br>DIEADRA MCDOWELL AND DOES I THROUGH X, INCLUSIVE,<br><br>  Defendants. | CASE NO. EDCV 12-0940-UA (DTB)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily because it has been removed improperly.

As an initial matter, pursuant to 28 U.S.C. § 1441(a), an action may be removed by the defendant or the defendants in a pending state action to the district court of the United States for the district and division embracing the place where such action is pending. The Court notes that the defendant is in the underlying action is Dieadra McDowell. Wes McDowell, the individual seeking removal, is not a defendant in the underlying action.

On June 7, 2012, Wes McDowell, lodged a Notice of Removal of the underlying action, which appears to be a routine unlawful detainer action, to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed, as Wes McDowell is not a defendant in the action which he seeks to remove. 28 U.S.C. § 1441(a).

1  To prevent the action from remaining in jurisdictional limbo, the Court issues this Order
2  to remand the action to state court.
3       Simply stated, Wes McDowell has not competently alleged facts to demonstrate that
4  he even has standing to seek removal of the underlying action. Moreover, Wes McDowell
5  has not competently alleged facts supplying either diversity or federal-question
6  jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see <u>Exxon Mobil
7  Corp v. Allapattah Svcs., Inc.</u>, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502
8  (2005). Even if complete diversity of citizenship exists, the amount in controversy in the
9  underlying action does not exceed the diversity-jurisdiction threshold of $75,000. <u>See</u> 28
10 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the
11 amount in controversy does not exceed $10,000.
12      Nor does plaintiff's unlawful detainer action raise any federal legal question. <u>See</u>
13 28 U.S.C. §§ 1331, 1441(b).
14      Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior
15 Court of California, Riverside County, 13800 Heacock Street, Building D #201, Moreno
16 Valley, CA 92553, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c)
17 and improper party seeking removal pursuant to 28 U.S.C. § 1441(a); (2) that the Clerk
18 send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of
19 this Order on the plaintiff and Wes McDowell.
20      IT IS SO ORDERED.

22 DATED: June 14, 2012

AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge